IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOROUZAN GOODARZI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-12-2870 |
| | § | |
| BOBBY HARTZOG; RENEE PRIGGETT; | § | |
| JAMES FRANKLIN; MARIA RINCON; | § | |
| BARBARA MARTIN-SCHULTZ; KIMBERLY | § | |
| KYLE; NANCY VITALE; HPD POLICE | § | |
| OFFICER R. GONZALEZ; EMPLOYEE | § | |
| NO. 119678; MEMORIAL HERMANN | § | |
| HOSPITAL SYSTEM; HOUSTON BAPTIST | § | |
| UNIVERSITY; AND JOHN DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced civil rights action, seeking compensatory and punitive damages as well as injunctive or declaratory relief, and alleging, (1) against all Defendants,[1] false arrest, malicious prosecution, and conspiracy under both 42 U.S.C. § 1983 and state law, and (2) against Defendant Memorial Hospital, negligent failure to train and/or supervise and "respondeat superior," is Memorial Hermann Defendants' motion to dismiss (instrument #4) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants are sued "individually and jointly and severally."

---

[1] Defendant Houston Baptist University was voluntarily dismissed from this action on January 8, 2013 (#13).

-1-

After reviewing the briefs submitted by Plaintiff and the Memorial Hermann Defendants and the applicable law, the Court concludes that some of the claims fail as a matter of law, while others may be viable but are insufficiently pled with supporting facts to state a claim for which relief may be granted.  The Court will dismiss the first group with prejudice and the latter without prejudice, but grant leave to Plaintiff to replead the latter group if she is able to satisfy the pleading requirements.

The Memorial Hermann Defendants are the Memorial Hermann Hospital System ("Memorial Hermann"), Bobby Hartzog ("Hartzog"), Renee Priggett ("Priggett"), James Franklin ("Franklin"), Maria Rincon ("Rincon"), Barbara Martin-Schultz ("Martin-Schultz"), Kimberly Kyle ("Kyle"), and Nancy Dunn (f/k/a Nancy Vitale, "Vitale" or "Dunn").  At all relevant times Rincon, Martin-Schultz, Kyle, and Vitale were employees of Memorial Hermann, while Hartzog, Priggett, and Franklin were security guards at or available to the Memorial Hermann Southwest Wellness Center ("Wellness Center") at 7731 Southwest Freeway, Houston, Texas 77072.  John Does 1-10 were individuals, agencies or entities whose identities and culpable acts or omissions have not yet been ascertained.

### Allegations of the Complaint (#1)

Plaintiff Farouzan Goodzari, a naturalized United States citizen of Iranian/Persian descent, alleges that on September 27, 2009 she brought her infirm mother to the Wellness Center, where

her mother had an appointment for surgery.  Defendant employees Rincon, Martin-Schultz and/or Kyle (dubbed by Plaintiff as the "reporting Defendants") chastised Plaintiff because she had missed her mother's scheduled appointment.  Plaintiff claims that when she disagreed and requested that her mother be taken in to have the necessary surgery, Rincon, Martin-Schultz and/or Kyle became increasingly verbally abusive.  After Plaintiff voluntarily left, in retaliation these Defendants called security to have Plaintiff arrested.

In the parking lot she was ordered by security guard Defendants Hartzog, Priggett, and Franklin (the "non-state arresting defendants" or the "seizing defendants") to stop, but she did not obey their command because she had committed no offense and was therefore legally free to leave.  Hartzog, Priggett, and Franklin asked R. Gonzalez (Employee No. 119676), a City of Houston Police Officer, who, as a second job, worked as a security guard for Memorial Hermann,[2] to arrest Plaintiff.  Even though Gonzalez had not observed Plaintiff commit any "arrestable" offense nor received any specific and credible report that she had, Gonzalez agreed to arrest her and ordered Plaintiff to stop.  Because Gonzalez was in the company of the three security guards (Hartzog, Priggett, and Franklin) and did not identify himself as a police

---

[2] Plaintiff states that Gonzalez is sued in his individual capacity.  He is not one of the Memorial Hermann Defendants.

officer, Plaintiff assumed that he was a security guard, did not obey his command, and climbed into her car to drive her mother to another location.  Hartzog then reached into her car to take her car keys away, and Hartzog and Gonzalez began grabbing and striking Plaintiff and her mother.  Hartzog and Gonzalez removed Plaintiff from the car, took her into custody, handcuffed her, and arrested her.  Only then did Gonzalez identify himself as a police officer.  Other police officers arrived on the scene, Gonzalez told them Plaintiff should be charged with resisting arrest, and they took custody of Plaintiff.

Plaintiff was charged with resisting arrest, but not with any other offense, and was prosecuted under Case No. 1709595, in the Harris County Criminal Court at Law No. 6.  Plaintiff had to retain counsel, make numerous court appearances, and suffer the anxiety of a criminal prosecution.  Her prosecution was dismissed on May 23, 2011.  She claims that her arrest and prosecution were unlawful and that the charges against her were malicious and/or reckless.  She further asserts that Hartzog, Priggett, Franklin, and Gonzalez were aware that Plaintiff had not committed any "arrestable" offense in their presence.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts

to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974).   "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).   The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'"   *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court observed that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949.   The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine  the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011).   "A judicially noticed fact must be one not subject to reasonable dispute in that

it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are

unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

## Relevant Law

Title 42 U.S.C. § 1983 does not grant substantive rights, but furnishes a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  It provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. *Id.* The constitutional or statutory deprivation must be intentional or due to deliberate indifference, and not the result of mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).  To state a constitutional claim for relief under § 1983, a plaintiff must plead a violation of a constitutional right and a violation of that

right by one or more state actors.  *Johnson v. Dallas I.S.D.*, 38 F.3d 198, 200 (5th Cir. 1994).  A state actor subject to liability under § 1983 is a person who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  "Acting under color of state law" means "'[m]isuse of power, possessed by virtue of state law, and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Monroe v. Pape*, 365 U.S. 167 (1961)(quoting Justice Stone in the majority opinion of *U.S. v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on other grounds*, *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978).  *See also  Harvey v. Plains Township Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011)( "Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"), *quoting Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998).  Section 1983 was intended "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992), *citing Carey v. Piphus*, 435 U.S. 247, 254-57 (1978).  "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Richard v. Hoechst Celanese Chemical Group, Inc.*,

355 F.3d 345, 352 (5th Cir. 2003)(*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)), *cert. denied*, 543 U.S. 917 (2004).

The Fifth Circuit has listed in *Richard, id.*, cases employing several tests that may be used to determine whether a private party acted under color of state law:

> According to the public function test, a private entity acts under color of state law when the entity performs a function which is "exclusively reserved to the state." [*Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 157-58 (1978)(internal quotations omitted.]; *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). The state compulsion (or coercion test) holds the state responsible "for a private decision only when [the state] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 . . . (1982)(internal quotations omitted). Similarly, the nexus or state action test finds state action where the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 . . . (1974); *see also* [*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941-42 . . . (1982).]

In *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 550 (5th Cir. 2005), the panel observed that under the "joint action" test, private actors are considered to be state actors where they are "willful participant[s] in joint action with the State or its agents." *Id., citing Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In the instant case Plaintiff alleges state action by Memorial Hermann Defendant under the nexus or state action theory in their joint action with municipal police Officer Gonzalez.

A § 1983 cause of action requires that the individual being sued have personal involvement. *Strittmatter v. Briscoe*, 504 F. Supp. 2d 169, 173 (E.D. Tex. 2007), *citing Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997), *citing Monell*, 436 U.S. at 692-93; *Thompson v. Steele*, 709 F.2d 382, 382 (5th Cir. 1983)("Certainly § 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." {citations omitted]). To sustain claims, a plaintiff must state particular facts specifying the personal involvement of each defendant. *Fee v. Herndon*, 900 F.2d 804, 810 n.9 (5th Cir. 1990); *Murphy v. Kellar*, 950 F.2d 290, 292 & n.7 (5th Cir. 1992).

A defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis. *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978). Although *Monell* dealt with a municipality, all circuit courts that have considered the issue have extended that rule to private corporations. *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)(and cases cited therein); *Meade v. Dillard Dept. Stores*, 275 F.3d 43 (Table), No. 00-51223, 2001 WL 1223752, *3 n.3 (5th Cir. Oct. 4, 2001).[3]  Thus Memorial

---

[3]  Plaintiff has alleged negligent hiring, training and supervision against Memorial Hermann.

Under state law, a theory of respondeat superior would impose vicarious liability on an employer when, while its employee was acting within the scope of his employment, the employee's negligence is the proximate cause of another's injury. *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995). Such a claim

Hermann cannot be held responsible for its employees' actions under § 1983.

The first issue in a § 1983 action is whether the plaintiff was deprived of a right secured by the Constitution or federal law. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  For example, because a § 1983 claim must rest upon a denial of rights secured under federal, not state, law and because "causing charges to be filed without probable cause [does] not without more violate the Constitution," a freestanding § 1983 claim based only on malicious prosecution is not cognizable under the law.  *Castellano v. Fragozo*, 352 F.3d 939, 943, 945 (5th Cir. 2003)(*en banc*), *cert. denied*, 543 U.S. 808 (2004); *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011).  To state a § 1983 claim a plaintiff must allege that an official violated specific constitutional rights in

_____

would not be cognizable under § 1983.

In contrast to respondeat superior, a cause of action for negligent hiring and supervision is based on the employer's direct negligence, not its vicarious liability for the torts of its employees.  *Fernea v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 2011 WL 2769838 (Tex. App.--Austin July 12, 2011, appeal abated); *Dangerfield v. Ormsby*, 264 S.W. 3d 904, 912 (Tex. App.--Fort Worth 2008, no pet.); *Ogg v. Dillard's*, 239 S.W. 3d 409, 420 (Tex. App.--Dallas 2007, pet. denied).  Thus a claim of negligent hiring, supervision or retention does not require that the employee was acting in the course of his employment when the tortious conduct occurred.  *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W. 3d 489, 496 (Tex. App.--Fort Worth 2002, no pet.); *Verinakis v. Med. Profiles, Inc.*, 987 S.W. 3d 90, 97 (Tex. App.--Houston [14th Dist.] 1998, pet. denied).  An employer who negligently hires or supervises an incompetent or unfit employee may be directly liable to a third party whose injury was proximately caused by the employee's negligent or intentional act.  *Wrenn*, 73 S.W. 3d at 496; *Verinakis*, 987 S.W. 2d at 97.

-13-

connection with a malicious prosecution.  *Jennings*, 644 F.3d at 300; *Cuadra v. Houston ISD,* 626 F.3d 808, 812 (5th Cir. 2010). While a malicious prosecution claim alone is not cognizable under § 1983, "additional government acts that may attend the initiation of a criminal charge could give rise to claims to constitutional deprivation." *Castellano*, 352 F.3d at 953.  "[T]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection--the Fourth Amendment if the accused is seized and arrested, for example. . . ." *Id.*.[4]  To prevail, a § 1983 plaintiff must identify specific constitutional rights that were violated in connection with a malicious prosecution.  *Cuadra*, 626 F.3d at 812.  Such is the case here, where Plaintiff's false arrest claim following her allegedly unlawful seizure is cognizable under § 1983, while her free-standing malicious prosecution claim is not.

To state a claim for malicious prosecution under Texas state law, a plaintiff must demonstrate (1) the institution or continuation of civil proceedings against the plaintiff, (2) commenced by the defendant, (3) with malice in the initiation of the proceedings, (4) the proceedings lacked probable cause, (5) the

_____

[4] The Fourth Amendment provides a right to remain free from unreasonable seizures as well as from arrest absent probable cause. *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006).

proceedings were terminated in plaintiff's favor,[5] and (6) they resulted in special damages. *Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 529 (5th Cir. 2004), *citing Tex. Beef Cattle Co. v. Green*, 921 S.W. 2d 203, 207 (Tex. 1996). *See also Shields v. Twiss*, 389 F.2d 142, 152 (5th Cir. 2004)("Under Texas law a plaintiff alleging malicious prosecution must establish: (1) the commencement of a criminal prosecution against him; (2) that the defendant caused the prosecution to be commenced; (3) termination of the prosecution in his favor; (4) his innocence; (5) the absence of probable cause for the proceeding; (6) malice in filing the charge; and (7) damages."), *citing Richey v. Brookshire Grocery Co.*, 952 S.W. 2d 515, 517 (Tex. 1997).  Under Texas law, "malice may be inferred from the lack of probable cause. *Duzich v. Advantage Finance Corp.*, 424 F. Supp. 2d 910, 913 (S.D. Tex. 2003)(*citing Hayter v. City of Mount Vernon*, 154 F.3d 269, 275 (5th Cir. 1998), and *J.C. Penney Co. v. Ruth*, 982 S.W. 2d 586, 590 (Tex. App.--Texarkana 1998, no pet.)), *aff'd*, 395 F.3d 527 (5th Cir. 2004).  Moreover, "[b]y voluntarily dismissing a criminal case, the prosecution admits that it is not able to carry its burden of

---

[5] Termination of a prosecution in the plaintiff's favor does not require termination on the merits, i.e., a not guilty verdict, but it is favorable if the prosecution cannot be revived. *Soon Phat, LP v. Alvarado*, ___ S.W. 3d ___, 2013 WL 178131, *10 (Tex. App.--Houston [14[th] Dist.] Jan. 17, 2013.  "'[A] prosecution has been terminated in the accused's favor where the prosecutor has dismissed the charges' and no additional charges have been filed." *Id.* (citing cases).

proof.    Voluntary  dismissal  is  a  de  facto  admission  to  the
community that the defendant is not guilty." *Duzich*, 424 F. Supp.
2d at 914.

Nevertheless, and crucial here, under Texas law a plaintiff
must "bring a suit for malicious prosecution . . . not later than
one year after the day the cause of action accrues." *Fatan v.
Tillman*, No. 4:11-CV-812, 2013 WL 789236, *3 (E.D. Tex.  Jan. 31,
2013), *quoting*,  Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a).[6]

Texas imposes civil liability for the tort of false arrest,
i.e., wrongful interference with a person's freedom.  *Montgomery
Ward & Co. v. Garza*, 660 S.W. 2d 619, 621 (Tex. App.--Corpus
Christi 1983).  In Texas, "[t]he elements of false arrest and false
imprisonment are similar enough to be indistinguishable." *Villegas
v. Griffin Indus.*, 975 S.W. 2d 745, 754 (Tex. App.--Corpus Christi
1998, no pet.).   For the intentional tort of false arrest a
plaintiff must allege (1) a willful detention of the person, (2)
against the consent of the detained party and (3) a detention
without authority of law.  *Montgomery* Ward, 660 S.W. 2d at 621.

---

[6] A malicious prosecution claim accrues at the close of the
criminal proceeding.  *Kastner v. Kroger Co.*, No. 14-11-00445-CV,
2012 WL 4757920, *5 (Tex. App.--Houston [14th Dist.] Oct. 4, 2012),
*citing Lang v. City of Nacodoches*, 942 S.W. 2d 752, 758 (Tex. App.-
-Tyler 1997, writ denied)(malicious prosecution claim accrued when
charges were dismissed and order of dismissal was made a matter of
public  record).    Plaintiff's  state-law  claim  for  malicious
prosecution is time-barred because her criminal case was dismissed
on May 23, 2004 (#4, Ex. B) and she did not file this case until
September 24, 2012.

"'A detention may be accomplished by violence, by threats, or by any other means that restrain a person from moving from one place to another.'" *Miller v. Baylor College of Medicine Federal Credit Union*, Civ. A. No. H-09-1332, 2011 WL 677350, *4 (S.D. Tex. Feb. 16, 2011), *quoting Grant v. Stop-N-Go Mkt. of Tex., Inc.*, 994 S.W. 2d 867, 872 (Tex. App.--Houston [1st Dist.] 1999, no pet.).  The plaintiff must show that there was no legal authority or justification for the arrest or detention.  *Clayton v. Garland Police Dept.*, No. 3:09-CV-2048-D ECF, 2011 WL 2600640, *7 (N.D. Tex. June 1, 2011), *citing Sears Roebuck & Co. v. Castillo*, 693 S.W. 2d 374, 375-76 (Tex. 1985).[7]

Liability may be imposed on any person who directs or requests an unlawful detention, including private citizens who request law enforcement officers to arrest a third party, even if the directing person acted in good faith.  *Reicheneder v. Skaggs Drug Center*, 421 F.2d 307, 311 (5th Cir. 1970)(citing Texas cases); *see also* Lewis v. Continental Airlines, Inc., 80 F. Supp. 2d 686, 702 (S.D. Tex. 1999)(same); *Darden v. E-Z Mart Stores, Inc.*, No. 2-05-CV-64 (TJW), 2006 WL 163219 (E.D. Tex. Jan. 20, 2006)(same); *Miller v. Baylor College of Medicine Federal Credit Union*, 2011 WL 677350, *4 (same); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W. 3d 502, 508

---

[7] Plaintiff must specify what was said and done in the Wellness Center to show there was no reasonable basis for the arrest request and/or that the reporting defendants provided false information to procure her arrest.

(Tex. 2002)(a third party may be liable for instigating a false imprisonment if he knowingly provides false information resulting in the arrest).

Plaintiff here is alleging that Memorial Hermann "reporting Defendants" requested her arrest, while the "seizing Defendants" both requested and participated in her arrest. In Texas, liability under state law "extends beyond those who willfully participate in detaining the complaining party to those who request or direct the detention . . . even when the actor does not participate in the detention. We have sometimes referred to this causation standard as 'instigat[ion] of false imprisonment." *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W. 3d 502, 507 (Tex. 2002), *citing inter alia Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898); *Texas Midland R.R. v. Dean*, 98 Tex. 517, 85 S.W. 1135, 1137 (1905); and *Restatement (Second) of Torts*, § 35. To allege and prove instigation, a plaintiff must demonstrate that the defendant "clearly directed or requested the arrest." *Id.*, *quoting Joske*, 44 S.W. at 1063; *Restatement (Second) of Torts* § 45A cmt. c. ("In the case of an arrest, [instigation] is the equivalent, in words or conduct, of 'Officer, arrest that man.!'"). *Id., citing* § 45A cmt. c. "To hold a third party liable for instigating the detention, then 'the act of arrest [must be] made by the officer, not of his or her own volition, but to carry out the request of the defendant." *Id., citing* 32 *Am. Jur. 2d, False Imprisonment* § 41

-18-

(1995).  The Texas Supreme Court admonished, however,

> A private citizen who merely reports a crime and
> identifies the suspect to law enforcement authorities has
> not requested or directed the suspect's arrest, and will
> not be liable for instigating a subsequent false
> imprisonment.  A citizen has a clear legal right to
> report criminal misconduct to authorities, and "from the
> mere exercise of this right the law will not permit the
> inference to be drawn that he 'requested or directed' the
> arrest, though it be conceded that but for its exercise,
> the arrest would never have been made.  This is true even
> when the reporting party mistakenly identifies the wrong
> person.   Further , "[i]t is not enough for the
> instigation that the actor has given information to the
> police about the commission of a crime, or has accused
> the other of committing it, so long as he leaves to the
> police the decision as to what shall be done about any
> arrest, without persuading or influencing them.

*Id.* at 507-08.[8]

---

[8] Plaintiff has stated an instigation cause of action against
Memorial Herman Defendants.   In her complaint Plaintiff alleges
that after she voluntarily left the Wellness Center,

> in retaliation against Plaintiff, . . . Defendants
> Rincon, Martin-[S]chultz, Kyle and Vitale proceeded to
> call security to have Plaintiff arrested, and when
> Plaintiff already was in the parking lot and about to
> enter her vehicle she was accosted by Defendants
> H[a]rtzog, Priggett and Franklin, who attempted to detain
> Plaintiff by verbal command.  When Plaintiff did not obey
> this command, since she had committed no offense and,
> under the law she was free to leave, Defendants
> H[a]rtzog, Priggett and Franklin individually and/or
> acting in concert, importuned Defendant Gonzalez to place
> Plaintiff under arrest. . . . .  Although he [had] not
> observed Plaintiff commit any arrestable offense, and
> although he had not received any specific and credible
> report that Plaintiff had committed any crime, at the
> instance of the Defendants Hartzog, Priggett and
> Franklin, individually and/or acting in concert,
> Defendant Gonzalez agreed to arrest Plaintiff, and, to
> detain her . . . .

#1 at ¶¶ 17-20.   There is no allegation that Officer Gonzalez

A claim of false arrest implicates the Fourth and Fourteenth Amendments and is thus actionable under § 1983. *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1992); *Byers v. City of Eunice*, 157 Fed. Appx. 680, 682-83 (5th Cir. Dec. 1, 2005). The Fourth Amendment protects individuals from unwarranted arrests by requiring that the officer have reasonable grounds to believe a crime has been committed. *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 651 (S.D. Tex. 2000). Regarding a false arrest claim, "a police officer must make a determination of probable cause before he causes any significant pretrial restraint of liberty." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir, 1992). Probable cause exists when the facts within the officer's knowledge and the facts of which he has reasonably reliable information would be sufficient to believe that the suspect was committing or had committed an offense. *United States v. Morris*, 477 F.2d 657, 663 (5th Cir. 1973); *Beck v. Ohio*, 379 U.S. 89, 91 (1964). *See also Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004)("Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect has committed or was committing an offense."). In deciding whether probable cause exists, police officers are not required to be perfect, nor do they have to err on the side of caution "out of

performed an investigation before arresting Plaintiff.

-20-

fear of being sued." *Martin*, 973 F.2d at 453.  The Fifth Circuit, *id.*, quoted *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964),

> "Whether an arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it--whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."

A claim for false arrest does not depend upon the validity of each individual charge, but on the validity of the arrest as a whole; if there is probable cause for any of the charges made, the arrest is supported by probable cause and the claim for false arrest fails.  *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).[9]

---

[9] If the officer's determination is reasonable under the circumstances, he may be protected by qualified immunity. *Martin*, 973 F.2d at 453.  If the officer raises a qualified immunity defense, "the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime." *Good v. Curtis*, 601 F.3d 393, 401 (5th Cir. 2010).  "[L]aw enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to [qualified] immunity." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009).  Plaintiff sues Police Officer Gonzalez in his individual capacity.  In *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995)(*en banc*), the Fifth Circuit held that § 1983 individual capacity claims must satisfy a heightened pleading standard, i.e., must be pled with factual detail and particularity. The pleading "must 'state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity.'" *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994), *quoting Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985).
    If false arrest is brought under state law, a good faith test for official immunity, "derived substantially from the test that has emerged under federal immunity law for claims of qualified immunity in  § 1983 cases,'" applies.  *Roe v. Texas Dept. of Protective and Regulatory Services*, 299 F.3d 395, 413 (5th Cir.

Section 1983 claims seeking damages for false arrest, where the arrest results in criminal proceedings, have a two-year limitations period that beings to run when the claimant is detained pursuant to legal process. *Mayo v. Pasadena Police Dept.*, Civ. A. No. H-12-3123, 2013 WL 1415227, *3 (S.D. Tex. Apr. 8, 2012), *citing Harris v. Rivera*, Civ. A. No. 3:11-CV-3-13-D, 2012 WL 246709, *5 (N.D. Tex. Jan. 23, 2013), and *Wallace v. Kato*, 549 U.S. 384, 397 (2007)("the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process").

If all the facts surrounding an arrest are presented to an independent intermediary such as a magistrate or grand jury, and a malicious motive of the officer does not lead him to withhold any relevant information, that intermediary's determination that probable cause exists breaks the chain of causation for false arrest and insulates the initiating policeman. *Morris v. Dearborne*, 181 F.3d 657, 673 (5th Cir. 1999), *citing Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled in part on other*

---

2002), *quoting City of Lancaster v. Chambers*, 883 S.W. 2d 650, 656 (Tex. 1994).
    The Court does not address qualified or good faith immunity in further detail because Officer Gonzalez is not one of the Memorial Hermann Movants here and has not filed a motion to dismiss, so the issue is not before the Court.

grounds by *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003)(*en banc*); *Rodriguez v. City of Houston*, No. Civ. A. H-06-2650, 2007 WL 1189639, *7 (S.D. Tex. Apr. 19, 2007).  "'Even an officer . . . who acted with malice in procuring the warrant or indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury.'" *Craig v. Dallas Area Rapid Transit Authority*, No. 11-10805, 2012 WL 6700409, *3 (5th Cir. Dec. 27, 2012), *quoting Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).

As noted, the Fifth Circuit has held that there is no "freestanding § 1983 malicious prosecution claim." *Cuadra v. Houston ISD*, 626 F.3d 808, 812-13 (5th Cir. 2010).  Furthermore, "causing charges to be filed without probable cause [does] not without more violate the Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003), *cert. denied*, 543 U.S. 808 (2003). Nevertheless, "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection--the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued." *Id.*  The claimant must allege "that officers violated specific constitutional rights in connection with a 'malicious prosecution.'" *Id.* at 945. *See also Cuadra v. Houston ISD*, 626 F.3d 808, 812-13 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2972 (2011). Plaintiff has alleged that she was

illegally seized and arrested without probable cause, a claim for false arrest in violation of the Fourth Amendment cognizable under § 1983.

Under Texas law, to state a claim for civil conspiracy a plaintiff must show (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds about the object or course of action, (4) one or more unlawful overt acts, and (5) damages as a proximate result. *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010), *citing Tri v. J.T.T.*, 162 S.W. 3d 552, 556 (Tex. 2005). *See also Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W. 2d 854, 857 (Tex. 1968)("There must be an agreement or understanding between the conspirators to inflict a wrong against, or injury on, another, a meeting of minds on the object or course of action, and some mutual mental action coupled with an intent to commit the act which results in injury; in short, there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy."). "Given the specific intent requirement, parties cannot engage in a civil conspiracy to be negligent." *Firestone Steel Prods. Co. v. Barajas*, 927 S.W. 2d 608, 614 (Tex. 1996). Furthermore, in what is known as the intracorporate conspiracy doctrine,[10] because an

---

[10] The doctrine arose in the antitrust area, but has been extended, *inter alia*, to civil rights conspiracies under § 1983 and § 1985. *Collins v. Bauer*, 2012 WL 443010, *7 (N.D. Tex. Jan. 23, 2012). Three recognized exceptions to the doctrine are (1) where the alleged conspirators have "'an independent stake in achieving

agreement between two or more persons is required for a conspiracy, a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911, 914 (5th Cir. 1953), *cert. denied*, 345 U.S. 925 (1953); *Hiliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Therefore a corporation cannot conspire "with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.* To assert a claim of civil conspiracy against an employee or agent of a principal, the employee or agent must have been acting outside the scope of his employment or agency. *Ameen v. Merck & Co., Inc.*, 226 Fed. Appx. 363, No. 05-20068, 2007 WL 1026412, *5 & n. 33(5th Cir. Mar. 29, 2007), *citing Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W. 2d 95, 100 n.7 (Tex. App.--Houston [14th Dist. 1995, pet. denied)("Nor can a parent and subsidiary corporation, or their employees or agents acting within the scope of their employment conspire.").

Because a conspiracy is a derivative tort that depends on

the object of the conspiracy'"; (2) where the alleged conspirators are acting for their own purposes, thus becoming independent actors; and (3) where they act outside of the scope of their employment beyond the bounds of their authority or when they engage in unauthorized acts. *Id., quoting H&B Equip. Co. v. Int'l Harvester Co.*, 577 F.2d 239, 244 (5th Cir. 1978), *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 603 (5th Cir. 1981), and *Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985).

-25-

participation in some underlying tortious cause of action, where
the plaintiff fails to state a claim for the underlying tort, the
conspiracy claim also fails as a matter of law *Tilton v. Marshall*,
925 S.W. 2d 672, 681 (Tex. 1996); *Brewer v. Capital Cities/ABC,
Inc.*, 986 S.W. 2d 636, 642 (Tex. App.--Fort Worth 1998). Here the
alleged underlying torts are false arrest and malicious
prosecution.[11] As noted, under state law the malicious prosecution
tort is time-barred and thus a claim of conspiracy to maliciously
prosecute fails.

A complaint of conspiracy to deprive a Plaintiff of
constitutional rights is cognizable under § 1983, with an
underlying constitutional or federal statutory violation serving as
a predicate to liability. *Harrington v. Harris*, 118 F.3d 359, 365
(5th Cir. 1997), *citing Johnston v. Harris County Flood Control
Dist.*, 869 F.2d 1565, 1573 (5th Cir. 19890. "'Plaintiffs who
assert conspiracy claims under civil rights statutes must plead the
operative facts upon which their claim is based. Bald allegations
that a conspiracy existed are insufficient.'" *Anderson v. Law Firm
of Shorty, Dooley & Hall*, 393 Fed. Appx. 214, 217 (5th Cir. Aug. 26,
2010), *quoting Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.
1987). Plaintiffs must also show in their pleadings that those

_____

[11]   In *Soon Phat*, 2013 WL 178131 at *10, the court found the
underlying malicious prosecution claim was foreclosed even though
the felony charges against him were dismissed because the claimant
had pleaded guilty to misdemeanor charges arising out of the same
incident, so the conspiracy claim failed too.

defendants who are private actors were acting under color of state law.  *Id., citing Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997).

The Fifth Circuit applies a nexus test to determine when a private enterprise's employees may be subject to constitutional liability for calling and acting in concert with police to detain and arrest a party arrested based solely on the complaint of the private employer.  In *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 748-49 (5th Cir. 2001) the panel discussed earlier cases in which the Fifth Circuit founds such a nexus to support state action.  First, in *Smith v. Brookshire Bros., Inc.*, 519 F.2d 93, 94 (5th Cir. 1975)(*per curiam*), it found such a nexus existed where the private merchant reported a suspicion of shoplifting to the police and "the police and the merchant maintained a [customary plan or] pre-conceived policy according to which shoplifters would be arrested based only on the merchant's complaint." *Morris*, 277 F.3d at 748-49.  In *Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989), and other cases, the Fifth Circuit "refined" the doctrine for holding a merchant to be a state actor by requiring two elements: "the conduct on the part of a guard or officer giving rise to the claimed deprivation occurred based solely on designation of suspicion by the merchant and was not accompanied by any independent investigation by the officer." *Morris*, 277 F.3d at 749.  The "'crucial' focus of the inquiry" is on whether the

officer "'acted according to a preconceived plan and on the say-so of the private actor, not on the basis of [the officer's] own investigation.'"  *Id., citing Bartholomew*, 889 F.2d at 63.  A partial reliance on the merchant's suspicion will not create state action if the officer also makes an independent investigation of the alleged crime.  *Id., citing id.*  For example, an independent investigation by the police officer may be interviewing an eye witness to the alleged crime, interviewing the private employees, independent observation of a suspect, and writing out a report with his own determination about the arrest.  *Id.* at 749-50.  In *Morris*, the court considered whether Dillard's employees could be liable under § 1983 for false arrest when Dillard's employed an off-duty municipal police officer as a security guard and he arrested an individual suspected of shoplifting.  The Fifth Circuit found that the officer questioned the employee who reported the shoplifting, made a report, confronted the shoplifter and arrested her, and wrote up a police report detailing his actions and investigation, and testified without contradiction that he did not decide to arrest her until she confronted him.  Because the officer's conduct was not based solely on the designation of suspicion by the merchant, the panel determined that Dillard's and its employees were not state actors for purposes of § 1983 liability for false arrest.  *Id.* at 749-50.

Similarly, "[t]o hold a private party liable for a conspiracy

with arresting officers to violate a plaintiff's civil rights, the plaintiff must show 'that the arresting officer did not make an independent determination whether there was cause to arrest' because of a 'preconceived plan' between the private party and the arresting officers; it is insufficient to merely show that the defendant informed the police of alleged misconduct." *Gonzales v. H.E. Butt Grocery Co.*, 226 Fed. Appx. 342, 345 (5th Cir. Mar. 14, 2007), *citing Sims v. Jefferson downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1079 (5th Cir. 1985).

Plaintiff alleges a state law claim of negligent hiring and supervision against Memorial Hermann.  For any claim of negligence a plaintiff must show (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, and (3) the breach proximately caused plaintiff damages. *Zarzana v. Schley*, 218 S.W. 3d 152, 158 (Tex. App--Houston [14th Dist.] 2007, pet. stricken). For her negligence claim, Plaintiff must first establish that Memorial Hermann owed her a legal duty.  *Poynor v. BMW of North America, LLC*, 383 S.W. 3d 201, 205 (Tex. App.--Dallas 2012), *citing Torrington Co. v. Stutzman*, 46 S.W. 3d 829, 837 (Tex. 2000). Whether a legal duty exists is a question of law for the court to determine from the facts surrounding the act at issue. *Id.*, *citing Abdel-Fattah v. Pepsico, Inc.,* 948 S.W. 2d 381, 383 (Tex. App.-- Houston [14th Dist.] 1997, no pet.).

Generally under Texas law there is no duty to act "to prevent

harm to others absent certain special relationships or circumstances." *Id., citing SmithKline Beecham Corp. v. Doe*, 903 S.W. 2d 347, 353 (Tex. 1995). Only if a party voluntarily undertakes an affirmative action for the benefit of another, does he then have a duty to exercise reasonable care that the other's person or property will not be injured by his action, and only in that particular undertaking. *Id., citing Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W. 2d 392, 395-96 (Tex. 1991).

Nevertheless Texas law recognizes that "[a]n employer has a duty to adequately hire, train, and supervise employees." *Poynor*, 383 S.W. 3d at 207, *citing Patino v. Complete Tire, Inc.*, 158 S.W. 3d 655, 660 (Tex. App.--Dallas 2005, pet. denied). *See also Watkins v. Basurto*, No. 14-10-00299-CV, 2011 WL 1414135, *4 (Tex. App.--Houston [14th Dist.] Apr. 14, 2011)("An employer has a general duty to control its employees, and to adequately hire, train, and supervise employees to prevent injuries to third parties that are reasonably foreseeable.), *citing Castillo v. Gared, Inc.*, 1 S.W. 3d 781, 786 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). "Foreseeability, the second aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Castillo*, 1 S.W. 3d at 786, *citing Nixon v. Mr. Property Management Co.*, 690 S.W. 2d 546, 549-50 (Tex. 1985). If such a duty to adequately hire, train, and supervise is owed, the plaintiff must still establish proximate

-30-

cause by showing that (1) the defendant's conduct was a cause-in-fact of the plaintiff's injuries and (2) the plaintiff's injuries were a foreseeable result of the defendant's conduct.  *Watkins*, 2011 WL 1414135, at *4*, citing Read v. Scott Fetzer Co.*, 990 S.W. 2d 732, 737 (Tex. 1998).  Thus both duty and causation relate to foreseeability.  *Id.* at *4 n.8.  If there is no reason why the employer would know that an employee was unfit or had a tendency to violence or to cause harm, the employer's breach cannot be the proximate cause of the plaintiff's injuries.  *Id., citing Zanzara*, 218 S.W. 3d at 158-59.

### Memorial Hermann Defendants' Motion to Dismiss (#4)

Memorial Hermann Defendants contend that the complaint should be dismissed as to them for several reasons: (1) they are not state actors and did not act under color of state law and thus are not subject to § 1983 liability for Plaintiff's arrest; (2) Plaintiff's malicious prosecution claim fails as a predicate for a § 1983 claim and under state law is time-barred; (3) as a matter of law Plaintiff's false arrest claim is barred by a judicial finding that probable cause existed for her arrest and also fails as a predicate for a § 1983 claim; (4) no potential liability resulting from Officer Ricardo Gonzalez's arrest of Plaintiff can extend to Memorial Hermann Defendants; (5) Plaintiff's state law negligence claim fails because the Memorial Hermann Defendants did not breach any legal duty owed to Plaintiff nor cause any injury to her; and

-31-

(6) Plaintiff's conspiracy and *respondeat superior* claims cannot survive in the absence of any other valid claim.

Defendants correctly identify the elements of Plaintiff's false arrest or false imprisonment claim:  to prevail on such a claim under Texas law a plaintiff must show (1) willful detention, (2) without consent, and (3) without authority of law.  *Miller v. Baylor College of Med. Fed. Credit Union*, Civ. A. No. H-09-1332, 2011 WL 677350, *4 (S.D. Tex. Feb. 16, 2011),[12] *citing Gladden v. Roach*, 864 F.2d 1196, 1201 (5th Cir. 1989).  A showing that the arrest was performed with the authority of law defeats any false imprisonment claim.  *Wal-Mart Stores, Inc. v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998); *Moore v. City of Desoto*, No. 3:09-CV-0710-K, 2010  WL 3855306, *3 (N.D. Tex. Sept. 29, 2010), *aff'd*, 450 Fed. Appx. 341 (5th Cir. 2011)(dismissing false imprisonment claim where arresting police officers had probable cause based on their past experiences and plaintiff's grabbing an officer).  The existence of probable cause defeats a false arrest claim as a matter of law. *Jones v. City of Grand Prairie, Texas*, No. 99-10104, 2000 WL 284025, *2 (5th Cir. Feb. 9, 2000).

---

[12] The *Miller* court further stated, "Liability extends to any person who directs or requests an unlawful detention, including private citizens who request law enforcement officers to arrest a third party. *Id., citing Reichender v. Skaggs Drug Ctr.*, 421 F.2d 307, 311 (5th Cir. 1970)("When a person points out another as the perpetrator of a crime and requests or directs police officers to arrest him, the person making the request or direction is liable for subsequent false imprisonment even though he acted in good faith.").

As noted, generally a neutral magistrate judge's decision that probable cause existed will insulate a police officer from a false arrest claim. *Id., citing Taylor v. Gregg*, 36 F.3d 453 , 456 (5th Cir. 1994)(*en banc*)("if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation"), *overruled in part on other grounds, Castellano v. Fragozo*, 352 F.3d at 949.[13] Defendants point to Ex. B to #4, Harris County's Order of Dismissal in *State v. Goodarzi*, No. 1709595 (C. Ct. at Law No. 6, Harris Co., Tex. May 23, 2011), in which, pursuant to Tex. Code Crim. Proc. Ann. art. 32.02 (West 2011),[14] the prosecutor incorporated a statement that probable cause existed but that the conduct was not provable beyond a reasonable doubt. Defendants maintain that the Order of Dismissal (#4, Ex. B) of Plaintiff's criminal proceedings bars Plaintiff's claim for false arrest. The Court takes judicial notice of the Order.

Next Memorial Hermann Defendants assert that malicious prosecution does not violate a constitutional right and therefore is not actionable under § 1983. *Dibrell v. Huber*, Civ. A. No. H-

---

[13] *See also Craig v. Dallas Area Rapid Transit Auth.*, No. 11-10805, 2012 WL 6700409, *3 (5th Cir. Dec. 27, 2012).

[14] Article 32.02 allows dismissal of criminal actions where the state's attorney files a statement "setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal.   No case shall be dismissed without consent of the presiding judge."

04-4854, 2006 WL 14570, *5 (S.D. Tex. Jan. 3, 2006), *aff'd*, 226 Fed. Appx. 332 (5ᵗʰ Cir. 2007). They insist that Plaintiff does not allege any valid federal violation underlying her § 1983 claim, but merely claims vaguely that her prosecution was unlawful under the United States Constitution. When a plaintiff "does not clearly identify a specific constitutional violation" underlying a malicious prosecution claim, "it is not actionable under 1983." *Id.*, *citing Castellano v. Fragozo*, 352 F.3 at 942.

In addition, claim the Memorial Hermann Defendants, the § 1983 claim must be dismissed because they did not act under color of state law. Although Plaintiff claims they conspired with Officer Gonzalez to act under color of state law, this conclusory, blanket allegation is insufficient under Rule 12(b)(6) and fails to establish how or what the alleged co-conspirators communicated to each other, a meeting of the minds to commit an illegal act, the requisite degree of planning and cooperation between private actors and a government official necessary to clothe the private actors' conduct with the color of state action. *See Walzier v. McMullen*, Civ. A. H-06-2361, 2006 WL 3152137, *5 (S.D. Tex. Nov. 1, 2006)("To establish a § 1983 cause of action based on conspiracy, plaintiff must do more than make blanket allegations of conspiracy.").

Memorial Hermann Defendants argue that Gonzalez's role as a security officer for Memorial Hermann did not transform Memorial Hermann Defendants into state actors. An employment relationship

between a police officer and a private actor, by itself, is not enough to state a § 1983 claim against an employer. *Meade v. Dillard Dept. Stores*, No. 00-51223, 2001 WL 1223752, *3 n.3 (5th Cir. Oct. 4, 2001), *citing Monell*, 436 U.S. at 602, and *Harvey v. Harvey*, 949 F.3d 1127, 1129-30 (11th Cir. 1992)(and collected cases). Memorial Defendants also cite *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 748-49 (5th Cir. 2001) for applying a nexus-type test and rejecting a color-of-law argument regarding Dillard's liability for an off-duty police officer's arrest of a suspect)("a merchant is not a state actor unless the conduct on the part of a guard or officer giving rise to the claimed [constitutional] deprivation occurred based *solely* on the designation of suspicion by the merchant and was not accompanied by any independent investigation by the officer."). The panel focused on whether the officer "acted according to a preconceived plan and on the say-so of the private actor, not on the basis of [the officer's] own investigation." *Id.* The officer's "independent investigation" may consist of an officer's own interview of the subject, the officer witnessing the events, or the officer making his or her own determination concerning the arrest. *Id.* Memorial Hermann Defendants emphasize that Plaintiff has not pleaded facts showing a "preconceived plan" between them and the state by which officers would arrest individuals merely on the say-so of Defendants. They also claim that Plaintiff's factual allegations

demonstrate the officer's independent investigation and use of his own judgment--he personally interacted with Plaintiff and witnessed her refusals to follow his requests and became involved in an altercation with Plaintiff, which facts negate any allegation that Officer Gonzalez acted solely on the representations by Memorial Hermann Defendants.  Because a Rule 12(b)(6) review is based on pleadings and documents referenced in them and attached to them, and because these do not allege any purported independent investigation by Officer Gonzalez, any factual dispute remains for summary judgment or trial.  Prompting, eliciting or inducing a police officer to make an arrest is insufficient to show that a private party acted under color of state law.  *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 388 & n.5 (5th Cir. 1985)("a private party does not act under color of state law when she merely elicits, but does not join in an exercise of official state authority")(collecting appellate court cases)).

Memorial Defendants also argue for dismissal of the false arrest claim on the grounds that no potential liability for false arrest can extend to the Memorial Hermann Defendants.  To extend false arrest liability to private citizens reporting a crime, a plaintiff must allege that the defendants made specific fraudulent statements.  "A private citizen who merely reports a crime and identifies the suspect to law enforcement authorities has not requested or directed the suspect's arrest and will not be liable

-36-

for instigating a subsequent false imprisonment." *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W. 3d 502, 507 (Tex. 2002)(holding plaintiff could not establish a false imprisonment claim where defendant did not knowingly provide false information). *See also Miller v. Baylor College of Med. Fed. Credit Union*, Civ. A. No. H-09-1332, 2011 SL 677350 at *4 (S.D. Tex. Feb. 16, 2011)(declining to extend false imprisonment liability to private citizens who summoned police, reported alleged crime, and identified the offender). Defendants point out that the Complaint has no specific, plausible allegations showing that Memorial Hermann Defendants gave false information to the police, only that "the defendants intentionally and/or recklessly disregarded the objective facts" and that Defendants' reports were not "specific and plausible." #1, ¶ 45 and 20.

Memorial Hermann Defendants further contend that the state-law malicious prosecution claim is time-barred by the one-year statute of limitations under Texas Civil Practice & Remedies Code § 16.002(a)("A person must bring suit for malicious prosecution . . . not later than one year after the day the cause of action accrues."). A claim for malicious prosecution accrues at the conclusion of the allegedly malicious prosecution proceeding. *Internet Corporativo S.A. de C.V. v. Bus. Software Alliance, Inc.*, Civ. A. No. H-04-2322, 2004 WL 3331843, *7 (S.D. Tex. Nov. 15, 2004. Plaintiff's statement of facts indicates that her

misdemeanor prosecution concluded on May 23, 2011 (#1 at ¶ 34; Ex. B at 1), and she did not file her complaint until September 24, 2012.

In addition, they argue, Plaintiff's state-law negligence claim for failure to train or supervise fails because she cannot demonstrate a breach of a legal duty by Memorial Hermann Defendants nor proximate cause. To prevail on a negligence claim, a plaintiff must show "a legal duty owed by one person to another, a breach of that duty and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W. 3d 401, 404 (Tex. 2009). Plaintiff has alleged that the Wellness Center Staff "were abusive and provocative," toward patients and family and that the hospital failed to train them to act "compassionately and respectfully." #1 at ¶¶ 52,54. "'To prevail on a claim for negligent hiring, training or supervision, the plaintiff is required to establish not only that the employer was negligent in hiring, training or supervising the employee, but also that the employee committed an actionable tort against the plaintiff.'" *Wansey v. Hole*, 379 S.W. 3d 246, 247 (Tex. 2012)(A negligent hiring cause of action requires that the plaintiff suffer some damages from the foreseeable conduct of a negligently hired employee), *quoting Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W. 3d 373, 384 (Tex. App.--Houston [1st Dist.] 2005, no pet.). Assuming Plaintiff's allegations are true pursuant to Rule 12(b)(6), Memorial Hermann Defendants argue that they do

not constitute an actionable tort.  Texas does not recognize a general duty to act reasonably toward others.  *THPD, Inc. v. Continental Imports, Inc.*, 260 S.W. 3d 593 (Tex. App.--Austin 2008, no pet.).  Texas also does not recognize a tort of negligent infliction of emotional distress.  *Boyles v. Kerr*, 855 S.W. 2d 593, 595-96 (Tex. 1993).  Texas does not recognize a legal duty to deal "compassionately and respectfully" with others.  Nor does Plaintiff allege proximate cause because Plaintiff's alleged injury was not foreseeable.  *Mellon Mortg. Co. v. Holder*, 5 S.W. 3d 654, 659 (Tex. 1999); *Dailey v. Albertson's, Inc.*, 83 S.W. 3d 222, 227-29 (Tex. App.--El Paso 2002)("Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission.  In the foreseeability inquiry, it is not important whether the particular injury was foreseen, but that the injury was of such a general character as might reasonably have been anticipated and the injured party was situated with relation to the wrongful act that the injury to him or one reasonably situated was reasonably foreseen. [citations omitted]").  They argue that the complaint contains no allegations sufficient to demonstrate that Memorial Hermann reasonably contemplated that Plaintiff would cause a disturbance in a the hospital that would lead employees to phone security, cause plaintiff to have an altercation with the security staff, and ultimately lead to

-39-

Plaintiff's arrest.[15]  Because the Memorial Hermann Defendants did
not violate any duty owed to Plaintiff and because Plaintiff's
alleged injury was not foreseeable, the negligence claim against
Memorial Hermann should be dismissed, insist Memorial Hermann
Defendants.

Furthermore, Plaintiff's conspiracy claim should be dismissed
because Memorial Hermann cannot conspire with itself and because
the underlying claims are time-barred or meritless.  "As a matter
of law, corporation cannot conspire with itself, no matter how many
of its agents participate in the complained of action." *Elliot v.
Tilton*, 89 F.3d 260, 265 (5th Cir. 1996), *quoting Wilhite v. H.E.
Butt Co.*, 812 S.W. 2d 1, 5 (Tex. App.--Corpus Christi 1991, no
writ).   In addition, conspiracy is a derivative tort because
recovery is not based on the conspiracy, i.e., the agreement, but
on the injury from the underlying tort.  *Tilton v. Marshall*, 925
S.W.2d 672, 681 (Tex.1996).   Moreover the malicious prosecution
claim is time-barred, so the conspiracy claim cannot be based upon
it.   Nor can Plaintiff adequately plead or prove any of the other
underlying tort claims.

Last of all, once an employee's primary liability no longer

---

[15] Memorial Hermann disregards the fact that it hired Officer
Gonzalez, a police officer, as an off-duty security guard,
presumably because of his association with the police and concerns
about breach of the peace and problems at the Wellness Center.
Reporting Defendants knew whom to call when trouble purportedly
arose.   These facts suggest such an incident was foreseeable and
forseen.

exists, neither does the employer's derivative liability. *Knutson v. Morton Foods, Inc.*, 580 S.W. 2d 876, 877 (Tex. Civ. App.--Texarkana 1979), *aff'd*, 603 S.W. 2d 805 (Tex. 1980).   Thus Plaintiff's respondeat superior claim should also be dismissed.

In sum, Defendants argue that Plaintiff fails to state a claim for which relief may be granted.   The false arrest claim fails because Officer Gonzalez had the authority to arrest her; the § 1983 claims fails because Memorial Hermann Defendants are not state actors; the malicious prosecution claim is barred by limitations and is not a viable basis for § 1983, and because it fails, not a basis for conspiracy; her negligence claim fails because she cannot satisfy the elements; and her respondeat superior claim fails because her blanket conspiracy claims fail.

### Plaintiff's Opposition (#8)

Plaintiff initially states that she concedes her state law claim for civil conspiracy, but proceeds on her § 1983 action based upon the alleged conspiracy to falsely arrest her.   She also concedes that her claim for malicious prosecution is time-barred. Regarding the requirement for § 1983 that Defendants act under color of state law, Plaintiff asserts a joint participation or close nexus theory to deem Memorial Hermann Defendants state actors.   She reiterates that Rincon, Martin-Schultz, Kyle and Vitale (the "reporting defendants") directed Hartzog, Priggett and Franklin (the "non-state arresting defendants" or the "seizing

defendants") to arrest Plaintiff even though they knew that
Plaintiff had committed no "arrestable" offense.   All these
defendants purportedly acted in concert to direct Officer Gonzales
to arrest Plaintiff and they physically acted with him to seize
Plaintiff.   She claims that because Officer Gonzalez did not have
lawful grounds to arrest her, he then manufactured the resisting-
arrest charge against Plaintiff.

Plaintiff also rejects Defendants' argument that probable
cause was established in state court under Article 32.02 of the
Texas Code of Criminal Procedure[16] as a matter of law.   Plaintiff
asserts, "Bearing no relevance with the determination that the
state could not prove its case, the assistance [*sic*] attorney who
moved for dismissal gratuitously endorsed the motion with her
opinion that probable cause existed," a "legal sophistry."   #8 at
p. 5.   She claims that only *res judicata* and collateral estoppel
can have a preclusive effect and Defendants have not referenced
these doctrines for application here.   Continuing to argue that she
was subjected to prosecution without probable cause in violation of

---

[16] Article 32.02 provides,

The attorney representing the State may, by permission
of the court, dismiss a criminal action at any time upon
filing a written statement with the papers in the case
setting out his reasons for such dismissal which shall be
incorporated in the judgment of dismissal.   No case shall
be dismissed without the consent of the presiding judge.

her constitutionally protected liberty interests under the Fourth Amendment and § 1983, Plaintiff maintains that she "has sufficiently well pleaded that the individual movants, though non-state actors, were acting under color of law in this case" because they were, with Officer Gonzalez, "willful participants in joint action with the State or its agents," and they all conspired with Officer Gonzalez to punish her for rudeness.  In sum the seizing Defendants physically placed hands on Plaintiff and acted in concert with Officer Gonzalez to deprive her of her constitutionally protected liberty interests, but could not have done so without the information and direction provided by the reporting Defendants.

Plaintiff further contends that liability under the doctrine of respondeat superior may be imposed on an employer for the intentional tort of an employee if the employee's act falls within the scope of the employee's general authority, was in furtherance of the employer's business, and was to accomplish the objective for which the employee was hired.  *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 131 S.W. 3d 113, 121-22 (Tex. App.--San Antonio 2001).  "Tortious conduct is within the scope of employment when it is of the same general nature as that authorized or is incidental to that authorized.  *Id., citing GTE Southwest, Inc.*, 998 S.W. 2d 605, 617-18 (Tex. 1999).

**Memorial Hermann Defendants' Reply (#10)**

-43-

Defendants respond that Plaintiff has "discarded" her claims for (1) state-law claim for civil conspiracy,[17] (2) negligent failure to train or supervise, (3) state-law claim for malicious prosecution, (4) § 1983 liability against Memorial Hermann, and (5) § 1983 liability premised on malicious prosecution.  Thus the remaining claims are § 1983 and state false arrest claims against individual defendants and respondeat superior liability of the employer for intentional torts of Memorial Hermann employees.

Regarding Plaintiff's bare-bones allegation that Memorial Hermann Defendants' actions and communications constituted a conspiracy to act under state law and that the conspiracy satisfies the "joint action or nexus test" test for extending § 1983 liability to private actors, Defendants insist that such blanket allegations without supporting facts fail to state a claim for conspiracy under Rule 12(b)(6).  Furthermore, because her § 1983 cause of action expressly alleges color of law based on this vague conspiracy theory, the § 1983 claim should be dismissed as to all civilian defendants.

Regarding Plaintiff's new insistence that her "color of state law" theory rests on Plaintiff's allegation that the arrest was based solely on Memorial Hermann Defendants' directions, Memorial Hermann Defendants point out that the allegations in the complaint

---

[17] As noted, the Court finds that she continues to allege conspiracy between Memorial Hermann Defendants and Officer Gonzalez.

demonstrate otherwise, including its description of Officer Gonzalez's own interactions and communication with Plaintiff, his own observations regarding her compliance. and his own involvement in an altercation with her.  #1, ¶¶ 17, 22, and 25.  They maintain that these examples of independent judgment are sufficient to show that the Officer's actions were not merely done according to a preconceived plan or a civil actor's "say-so."  *See Morris v. Dillard Dept. Stores*, 277 F.3d at 749 (applying "nexus-type test" and declining to extend color of state law to private actor for moonlighting officer's arrest).

As for Plaintiff's allegation that Memorial Hermann Securities staff seized her "by physically placing hands on the Plaintiff," Plaintiff fails to show how such an action rises to the level of false arrest.  The complaint states that only Officer Gonzalez and Bobby Hartzog did the seizing.   If one assumes that the statement is true, this overbroad attempt to spread liability on **all the** Defendants is facially flawed; such implausible pleading must be dismissed.  For the same reasons, her attempt to extend state-law false-arrest liability beyond Officer Gonzalez must fail.

Furthermore, the false arrest claim must be dismissed.  Rather than a "legal sophistry," it is Texas law that a court order incorporating the existence of probable cause (#4, Ex. B) undermines such a claim, exposing the implausibility of her complaint.   Although Plaintiff argues that the reasons for

-45-

dismissal of Plaintiff's criminal case were "gratuitous," the reasons for its dismissal are mandatory as a matter of law. *Smith v. State*, 70 S.W. 3d 848, 852, 852-53 (Tex. Crim. App. 2002)(*en banc*)(Article 32.02 of the Texas Code of Criminal Procedure,[18] enacted to prevent abuse by district attorneys in dismissing criminal prosecutions, permits dismissal of a criminal prosecution only with consent of the trial court; under Article 32.02, "the requirement of judicial approval of a dismissal is mandatory"), *cited for that proposition, In re State ex rel. Valdez*, 294 S.W. 3d 337, 340 (Tex. App.--Corpus Christi 2009)(the trial court's veto power over dismissals is not a ministerial act, but is discretionary and therefore outside the bounds of mandamus relief). Courts retain full veto power over such motions to dismiss. *State v. Smith*, 70 S.W. 3d at 854. Here the incorporation of probable cause in the County Court's order demonstrates the facial implausibility of Plaintiff's false arrest claim, as does the Information's statement that Plaintiff used excessive force against officer Gonzalez by kicking him. #4, Ex. A.

Defendants emphasize that Plaintiff's complaint does not

---

[18] Article 32.02 states,

The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge.

allege any fraud committed in the prosecution of Plaintiff's case or statements made in it, and Plaintiff concedes that her malicious prosecution claim is time-barred.  Even if her complaint did allege fraud, her complaint fails to meet the heightened pleading standards required by Rule 9(b) for pleading fraud.

Last of all, Texas courts hold that when a private party reports an alleged offense to the police, to impose liability the plaintiff must allege that the private party knowingly provided false information that led to the plaintiff's arrest.  *Miller,* 2011 WL 677350 at *4 (where defendant did no more than summon the police, report an alleged crime, and identify the plaintiff, he is not liable for any subsequent false imprisonment)(and cases cited therein).

### Court's Decision

### I.  *Claims Dismissed As a Matter of Law*

As a threshold matter, several of Plaintiff's causes of action must be dismissed as a matter of law.  She concedes that her malicious prosecution tort under state law is time-barred by the one-year statute of limitations under Texas Civil Practice & Remedies Code § 16.002(a).[19]  In addition, because she fails to

---

[19] In contrast, "[i]n § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts." *Bourdais v. New Orleans City*, 485 F.3d 294, 297 (5th Cir. 2007).  Federal courts apply the forum state's general or residual tort limitations period, which in Texas is two years Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  *Rodriguez v. Holmes*, 963 F.2d 1178, 1184 (5th Cir. 1992).  Federal law controls when a

state a viable claim for malicious prosecution for which relief may be provided under state law, so, too, is any derivative state-law claim of conspiracy to maliciously prosecute Plaintiff precluded. Furthermore Plaintiff's section 1983 claim based solely on malicious prosecution fails as a matter of law because there is no freestanding constitutional right to be free from malicious prosecution to support such a claim under § 1983. *Castellano v. Fragozo*, 352 F.3d at 942-43; *Cuadra v. Houston ISD*, 626 F.3d at 812-13. Finally any claim of respondeat superior under § 1983 against Memorial Hermann as the employer of the individual Defendants is not cognizable as a matter of law because a defendant must be personally involved for liability to attach under the statute. *Thompson*, 709 F.2d at 382.

## II. *Pleading Deficiency*

As a threshold pleading problem, Plaintiff needs to allege sufficient facts to support each cause of action asserted against each named Defendant above the speculative level. *Iqbal*, 129 S. Ct. at 1949.

### A. *State-Law False Arrest and Imprisonment*

---

cause of action accrues, i.e., "when the plaintiff knows or has reason to  know the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest . . . , where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*. 549 U.S. at 397.

Regarding Plaintiff's state-law claim for false arrest, she has alleged that reporting Defendants directed Officer Gonzalez to arrest Plaintiff.  The pleading fails to present sufficient facts indicating what Plaintiff and the reporting Defendants said or did while at the Wellness Center, if anything, that caused the reporting Defendants in "retaliation," and subsequently the seizing Defendants, to request her arrest by Officer Gonzalez.  Nor does she state facts demonstrating that their reasons for requesting that arrest were false.

Moreover, according to the information (Ex. A to #4), she was arrested not for the disturbance in the Wellness Center, but for resisting arrest (specifically kicking Officer Gonzalez). Plaintiff claims that Gonzalez had no probable cause and therefore falsely created the resisting arrest offense in his presence without probable cause for the underlying arrest.

Relating to her seizure and arrest, Plaintiff has alleged facts showing the first two elements of false arrest, (1) a willful detention of her person and (2) against her consent. *Montgomery Ward*, 660 S.W. 2d at 621. Her detention was allegedly accomplished when Hartzog reached into her car to take her car keys away, when Hartzog and Gonzalez began grabbing and striking Plaintiff and her mother, when Hartzog and Gonzalez removed Plaintiff from the car, took her into custody, handcuffed her, and arrested her, and when they turned her over to other police officers arriving on the scene

-49-

and Gonzalez told them Plaintiff should be charged with resisting arrest.  "'A detention may be accomplished by violence, by threats, or by any other means that restrain a person from moving from one place to another.'"  *Miller v. Baylor College of Medicine Federal Credit Union*, Civ. A. No. H-09-1332, 2011 WL 677350, *4 (S.D. Tex. Feb. 16, 2011), *quoting Grant*, 994 S.W. 2d at 872.  Plaintiff has conclusorily stated that there was no probable cause to satisfy the third element of unlawful false arrest, i.e., whether her detention by Gonzalez was without authority of law.

Given what has been alleged by Plaintiff here, numerous fact issues arise.  First there is an issue regarding Gonzalez's authority to stop and arrest Plaintiff arising out of Gonzalez's dual roles[20] as (1) an off-duty police officer working as a security guard for private employer Memorial Hermann and (2) as a police

---

[20] Another possibility is that Officer Gonzalez was an independent contractor "'who, in pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to [Memorial Hospital's] control in respect to all details.'" *Duran v. Furr's Supermarkets, Inc.*, 921 S.W. 2d 778, 786 ("Tex. App.-El Paso 1996), *quoting Pitchfork Land and Cattle Co. v. King*, 162 Tex. 331, 346 S.W. 2d 598, 602-03 (1961)(identifying factors the court must consider in determining whether a person is acting in the capacity of an independent contractor), and *Hoechst Celanese Corp. v. Compton*, 899 S.W. 2d 215, 220 (Tex. App.--Houston [14th Dist.] 1994, writ denied).  The key inquiry is how much control the employer exerts or has a right to exert over the details of the job.  *Id.*  Plaintiff fails to allege facts that would support a determination whether Officer Gonzalez was acting as a police officer, an employee, or an independent contractor.  That determination would, in turn, aid in determining Memorial Hermann's potential liability under state law.

officer, and thus necessarily as a "peace officer" under the Texas

Code of Criminal Procedure § 2.12(3).[21]  Plaintiff has pled that she

---

[21] The dual roles in turn raise issues relating to Memorial
Hermann's possible vicarious liability under state law not just for
Memorial Hermann Defendants, but also for Gonzalez's actions.   To
determine in what capacity an off-duty police officer working as a
security guard is acting, courts determine "'the capacity in which
the officer acted at the time he committed acts for which the
complaint is made.'"  *Ali v. LaMarque ISD Educ. Foundation*. Civ. A.
No. H-05-2508, 2007 WL 4206326, *3 (S.D. Tex. Nov. 27, 2007),
*quoting Morgan v. City of Alvin*, 175 S.W. 3d 408, 416 (Tex. App.--
Houston [1st Dist.] 2004, no pet.).  As discussed in *Cherqui v.
Westheimer Street Festival Corp.*, 116 S.W. 3d 337, 344 (Tex. App.-
-Houston [14th Dist.] 2003),

> Under the doctrine of respondeat superior, an employer
> may be vicariously liable for the tortious acts of an
> employee.  *St. Joseph Hosp. v. Wolff*, 94 S.W. 3d 513,
> 541-42 (Tex. 2001)(quoting *Baptist Mem'l Hosp. Sys. v.
> Sampson*, 969 S.W. 2d 945, 947 (Tex. 1998); *Mansfield v.
> C.F. Bent Tree Apartment Ltd. P'ship*, 37 S.W. 3d 145, 149
> (Tex. App.--Austin 2001, no pet.).  When determining the
> status of an off-duty officer we ask "in what capacity
> was the officer acting at the time he committed the acts
> for which the complaint is made?"  *Blackwell v. Harris
> County*, 909 S.W. 2d 135, 139 (Tex. App.--Houston [14th
> Dist.] 1995, writ denied).  If a peace officer is
> performing a public duty, such as enforcement of general
> law, he is acting in the course and scope of his
> employment as a police officer and the private employer
> is not vicariously liable for the officer's actions, even
> if the employer may have directed those activities.
> *Mansfield*, 37 S.W. 3d at 150; *Larkin v. Johnson*, 44 S.W.
> 3d 188, 189-90 (Tex. App.--Houston [14th Dist.] 2001,
> pet. denied); *Bridges v. Robinson*, 20 S.W. 3d 104, 111
> (Tex. App.--Houston [14th Dist.] 2000, no pet.),
> *disapproved of on other grounds*, *Telthorster v. Tennell*,
> 92 S.W. 3d 457, 464 (Tex. 2002); *see also Blackwell*, 909
> S.W. 2d at 139.  If an off-duty officer observes a crime,
> as a matter of law he becomes an on-duty officer.
> *Mansfield*, 37 S.W. 3d at 150; *City of Dallas v. Half
> Price Books, Records, Magazines, Inc.*, 883 S.W. 2d 374,
> 377 (Tex. App.--Dallas 1994, no writ).

*Cherqui*, 116 S.W. 3d at 344; *in accord, Ali*, 2007 WL 4206326, at

did not know that Gonzalez was a police officer as he did not identify himself as one and was with three other Hermann Memorial-hired security guards.  She fails to state, nor do Defendants address, whether Officer Gonzalez was wearing a police uniform or a security guard uniform or other clothes.

Under Article 2.12(a) of the Texas Code of Criminal Procedure, "It is the duty of every peace officer to preserve the peace within the officer's jurisdiction" by "us[ing] all lawful means."  Under Article 213(b)(1) and (4) the peace officer "shall . . . in every case authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime" and "arrest offenders without warrant in every case where the officer is authorized by law, in order that they may be taken before the proper magistrate or court and be tried."  Article 14.01(b) provides, "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

Texas Penal Code Ann. article 9.51(a) provides, "A peace officer . . . is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to make or assist in making an arrest."

---

*3.  On the other hand, "'[i]f the officer was engaged in protecting the employer's property, ejecting trespassers, or enforcing rules and regulations promulgated by the employer, . . . the trier of fact decides whether the officer was acting as a public officer or as a servant of the employer.'"  *Ali*, 2007 WL 4206326, at *3, *quoting Mansfield*, 37 S.W. 3d at 150 (citation omitted).

Article 38.03(b) of the Penal Code reads,

> (a) A person commits an offense if he intentionally
> prevents or obstructs a person he knows is a peace
> officer or a person acting in a peace officer's presence
> and at his direction from effecting an arrest, search, or
> transportation of the actor or another by using force
> against the peace officer or another.

> (b) It is no defense to prosecution under this section
> that the arrest or search was unlawful.

*See also Howard v. State*, 2000 WL 1585622, *1 (Tex. App.--San Antonio 2000)("[T]he Penal Code makes it clear that the unlawfulness of the arrest is no defense to the charge of resisting arrest. . . . Because a person may not lawfully resist an unlawful arrest, it follows that citizens may not assault a law enforcement officer who is attempting to commit an unlawful arrest.").

Plaintiff here claims that Gonzalez did not have probable cause to stop and detain her (reasonable suspicion sufficient to warrant a prudent man believing that the Plaintiff had committed an offense) in the parking lot, but that he arrested her solely at the direction of the reporting and seizing Defendants and without seeing what occurred in the Wellness Center. She also claims that she did not know that Gonzalez was a police officer, that he did not announce that he was one, and that he was in the company of security guards, so she assumed he was also one. Defendants do not deny these claims. Plaintiff further claims since Officer Gonzales did not have a reasonable basis to arrest her, Gonzalez manufactured the resisting arrest claim in his presence to have

-53-

probable cause to detain and arrest her without a reasonable explanation for arresting her.[22]  As fact issues, at a later stage of the litigation both sides may offer evidence from people on the scene in the Wellness Center and in the parking lot (not only Plaintiff and Officer Gonzalez, but her mother, the security officers, and any bystanders) why the reporting Defendants asked for her arrest, why Plaintiff was arrested, and whether she resisted arrest.  "Rule 12(b) is not a procedure for resolving contests about the facts or the merits of a case." *Gallentine v. Housing Authority of City of Port Arthur, Tex.*, _____ F. Supp. 2d _____, Civ. A. No. 1:12-CV-417, 2013 WL 244651, *3 (E.D. Tex. Jan. 22, 2012), *citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:  Civil 2d* § 1356, at 294 (1990).

Instead of clarifying the facts surrounding the detention and arrest, the Memorial Hermann Defendants argue that the subsequent dismissal of the charges by a judge in state court (an impartial, independent intermediary) pursuant to Article 32.02 of the Texas Code of Criminal Procedure, in an order incorporating the prosecutor's statement that there was probable cause but that he was unable to prove his case beyond a reasonable doubt,[23] broke the

---

[22] The reporting Defendants clearly did not call security about resisting arrest, which purportedly occurred afterwards and outside of their view.

[23] Specifically the prosecutor's motion to dismiss (#4, Ex. B) states as the reason for the dismissal "pc but cannot prove BRD." The judge signed the boilerplate order at the bottom of the motion,

chain of causation for false arrest and insulated Officer Gonzales and Memorial Hermann Defendants from a false arrest claim. *Taylor v. Gregg*, 36 F.3d at 456.   They contend that the judicial order incorporating the dismissal was mandatory under Article 32.02.

Close scrutiny of  Article 32.02, the case law construing it, and the facts alleged here reveals Memorial Hermann Defendants' argument is questionable and raises doubts about the state-court judge's independence and the extent of his information about the arrest in dismissing Plaintiff's criminal proceeding.  What is mandatory in the statute is that for a prosecutor to obtain a pretrial dismissal of a criminal proceeding, a judge must approve the prosecutor's request for dismissal. *Smith v. State*, 70 S.W. 3d at 852-53 (Article 32.02 of the Texas Code of Criminal Procedure, permits dismissal of a criminal prosecution only with consent of the trial court; under Article 32.02, "the requirement of judicial approval of a dismissal is mandatory.").  The trial court does have discretion whether or not to approve the dismissal. *See, e.g., In re State ex rel. Valdez*, 294 S.W. 3d at 340 (the trial court's veto power over dismissals is not a ministerial act, but is discretionary and therefore outside the bounds of mandamus relief); *State v. Smith*, 70 S.W. 3d at 854 (Courts retain full veto power over such motions to dismiss.).  Nevertheless the Texas Court of Criminal Appeals has held that the requirement that the prosecutor

dismissing the case.

set out in writing the reasons for dismissal is not mandatory, but "directory," that substantial compliance is sufficient, and, more importantly, that the trial court does not have to "know the reasons for dismissal to any particular degree." *Smith v. State*, 70 S.W. 3d at 853.  It explained that at common law the prosecutor had exclusive control of all criminal proceedings and the sole authority to dismiss a case. *Id.* at 854, *citing State v. Anderson*, 119 Tex. 110, 115-20, 26 S.W. 2d 174, 175-78 (1930).  In 1876 article 577, the predecessor of article 32.02, altered the common law rule because the Attorney General delegated the authority to dismiss to various district attorneys and the legislature became concerned that the lack of supervision might lead to abuse.  The expansion of the court's role under the new statute, however, was quite limited:  the power of dismissal remained primarily with the prosecutor, who retained the power to assign the reasons that would justify a dismissal, with no particular reasons being necessary, and could assign any reason that the court might deem sufficient. *Id.*, *citing Wallace v. State*, 145 Tex. Crim. 625, 629, 170 S.W. 2d 762, 764 (1943).  Article 32.02 does not require that the trial court "know the reasons for dismissal to any particular degree." *Id.* at 853.  In *Smith*, the reason given for dismissal was "in the interests of justice," which "could reflect the cognizance of the court as to the existence or terms of [an] immunity agreement, or it could simply reflect a deference to any rational basis that the

prosecution had to dismiss the prosecution." *Id*.  The same is true of "pc but cannot prove BRD" on the prosecutor's motion to dismiss (#4, Ex. B), signed by the judge, in the instant case; it fails to show that the judge was apprised of many or any actual facts of the alleged offense.  #4, Ex. B.  "The degree to which a court requires knowledge of the reasons for dismissal to be written in the public records is a matter within the court's discretion, which may vary according to the requirements the court deems proper to impose in a particular prosecutor in a particular case." *Id*. at 855.[24]  The prosecutor who controls the reasons for dismissal set out in his motion is obviously not a neutral impartial intermediary, and the judge may not be sufficiently informed about the facts of the arrest, as required to break the chain of causality.  There is no indication that the particular facts of the arrest were put before the judge in the instant case, no less that there was a "full and fair presentation of the facts."  In addition, the Texas Court of Criminal Appeals has opined, "The dismissal of an indictment does not prevent the grand jury from returning a subsequent indictment charging the same transaction." *Ex parte Williams*, 379 S.W. 2d 911 (Tex. Crim. App. 1975).  *See also Hugh v. State*, 16 S.W. 3d 429,

---

[24] Moreover the legislature in deleting from the statute an original requirement that "the judge must be satisfied that the reasons given by the State for dismissal 'are good and sufficient' suggests an intention to minimize the court's role."  "Trial Court's Power to Withhold Consent," 43 *Tex. Prac.*, *Criminal Practice and Procedure* § 37:17 (3d ed. Database updated Dec. 2012).

431 (Tex. App.--Waco 2000)("The "well settled" rule is that dismissal under Article 32.02 does not prevent a subsequent indictment, especially when the dismissal does not indicate that the cause was dismissed with prejudice); *Ex parte Lamb*, No. 05-08-01324-CR, 2008 WL 5235720, *1 (Tex. App.--Dallas Feb. 17, 2008)(if the State's motion and the trial court's resulting order do not state whether the dismissal was with or without prejudice, the State can re-indict the alleged offender); *Proctor v. State*, 841 S.W. 2d 1, 4 (Tex. Crim. App. 1992)(en banc)(if the dismissal occurs before jeopardy attaches (in a jury trial, when the jury is empaneled and sworn) the State may re-indict and prosecute the defendant for the same offense). In the instant case, given the prosecutor's stated reason for dismissal, i.e., that at that time he was unable to prove the offense of resisting arrest beyond a reasonable doubt, and because the judge's order does not state that the dismissal is "with prejudice," the possibility of reinstatement and trial remains.

In addition, Plaintiff has raised an issue of fact about Officer Gonzalez's motivation in alleging that Officer Gonzalez manufactured the resisting arrest claim to conceal what she alleges was a false arrest without probable cause. "[T]he chain of causation is broken only where all the facts are presented to the [intermediary], where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information.

. . . " *Hand v. Gary*, 838 F.2d at 1427–28 ("An independent intermediary breaks the chain of causation unless it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendants."). In *Hand*, the Fifth Circuit held that "by holding that law enforcement officials are not shielded from liability for false arrest when malicious motives lead them to hide relevant facts or make material misstatements to the independent intermediary, [the Fifth Circuit] did not undermine the purpose of § 1983. When an independent intermediary's determination of probable cause is tainted by the malicious motives and/or omission of law enforcement officials, the fear that individuals will be deprived of their rights to be free from false arrest reappears, as if no intermediary had found probable cause in the first place." *Garza v. Guerra*, Civ. A. No. B-08-084, 2010 WL 2607275, *17 (S.D. Tex. June 25, 2010), *aff'd*, 463 Fed. Appx. 316 (5th Cir. 2012).

Noting that the United States Supreme Court, in *Wyatt v. Cole*, 504 U.S. 158, 161 (1992), held that "'[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails,'" the district court in *Garza v. Guerra* pointed to the *Wyatt* Court's focus on "'deter' a word which carries with it a notion of prevention" and is defined as "to turn aside, discourage, or *prevent* from acting

[emphasis added]." *Id.* Section 1983 in regard to a claim of false arrest "was designed to prevent the arrest of individuals *before* a determination of probable cause has been made. Fifth Circuit case law upholds this purpose by excusing a law enforcement official from liability for false arrest *only after* he makes a full and fair presentation of the facts to a neutral intermediary, and not before." *Id.* At this stage of the litigation there is no evidence of precisely what was presented to the judge.

Thus the Court finds that there are substantial questions under both state law and § 1983 whether the dismissal order here insulates Officer Gonzalez from liability.

### *False Arrest under § 1983*

An off-duty policeman working a second job as a security guard has been found by one court to be a "state actor" for purposes of § 1983 liability because he was hired because of his ability to use his police association as a weapon against trouble at the private work site. *Salazar v. Luty*, 761 F. Supp. 2d 45, 47 (S.D. Tex. 1991). Private parties can be liable under § 1983 if they have conspired with a state official and are willful participants in joint activity with that state official. *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1076 (5th Cir. 1985). Where a claimant, in asserting a § 1983 claim based on false arrest, must meet the state action requirement to sue private parties who requested that police arrest someone, as is the case here, the

Fifth Circuit has opined,

> The execution by a private party of a sworn complaint,
> which forms the basis for an arrest, is, without more,
> not sufficient to make that party's acts state action.
> The plaintiff must show that the police in effecting the
> arrest, acted in accordance with a "preconceived plan" to
> arrest a person merely because he was designated for
> arrest by the private party without independent
> investigation. . . . The action by the police
> constitutes an "abdication of state authority" to a
> private party that is sufficient to cause the private
> party's acts to become state action. . . .

*Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d at 1078-
79)(finding that plaintiff did not allege a preconceived plan
between Jefferson Downs and the Kenner police nor show that the
arresting officer did not make an independent determination whether
there was cause to arrest). *See also Glotfelty v. Karas*, No. 12-
30532, 2013 WL 600253, *4 (5th Cir. Feb. 15, 2013)("[W]here the
plaintiff claims that a private party acted under color of law as
part of a conspiracy to effect an unlawful arrest, we consistently
have held that he must demonstrate the existence of a 'preconceived
plan' for the authorities to arrest the person without
investigation, 'merely because he was designated for arrest by a
private party.'"), *citing Sims*, 778 F.2d at 1079; *Hernandez v.
Schwegmann Bros. Giant Supermarkets, Inc.*,673 F.2d 771, 772 (5th
Cir. 1982)(a plaintiff must prove a "'customary' or 'pre-existing'
arrangement between" the private party and the police to detain
suspected shoplifters); *Smith v. Brookshire Bros.*, 519 F.2d 93, 94
(5th Cir. 1975)(a plaintiff must show that the private party had a

'customary plan' by which the police would effect detentions like the one then at issue), *cert. denied*, 424 U.S. 915 (1976). Plaintiff has not alleged the existence of a preconceived plan, with supporting factual detail to state a plausible claim, nor has she alleged facts to support the elements of a conspiracy between Officer Gonzalez and the Memorial Hermann Defendants, indeed as to each individual who was involved.

Memorial Hermann Defendants rely on *Morris v. Dillard Department Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001) and its treatment of the nexus-type test in examining whether and when behavior of a private defendant may be treated as that of the State. The Court notes that the panel begins by observing that other Circuit Courts of Appeals have characterized the state action doctrine as "one of the more slippery and troublesome areas of civil rights litigation," a "paragon of unclarity," "'particularly true in the area of off-duty police officers acting as security guards' for a private defendant, such as Dillards." *Id.* at 748, *citing Gallagher v. "Neil Young Freedom Concert*," 49 F.3d 1442, 1447 (10th Cir. 1995), and *Chapman v. Higbee Co.*, 256 F.3d 416, 426 (6th Cir. 2001), *reh'g granted*, 270 F.3d 297 (6th Cir. 2001). The Supreme Court found that the state action doctrine inquiry is "highly circumstantial and far from precise." *Id., citing Brentwood Aca. v. Tenn. Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 295-96 (2001)(stating that '[w]hat is fairly attributable is

-62-

a matter of normative judgment, and criteria lack rigid simplicity"
and that "[f]rom the range of circumstances that could point toward
the State behind an individual face, no one fact can function as a
necessary condition across the board for finding state action; nor
is any set of circumstances absolutely sufficient, for there may be
some countervailing reason against attributing activity to the
government.")(citations omitted).  It is a "necessarily fact-bound
inquiry." *Id.* at 298, *citing Lugar*, 457 U.S. at 939.

Here, except for Plaintiff's allegation that Hartzog joined
Officer Gonzalez in physically grabbing and striking Plaintiff and
her mother and in detaining and arresting Plaintiff, Plaintiff's
pleadings are wholly conclusory and fail to provide specific
supporting facts about each of the other Memorial Hermann
"reporting" and "seizing" Defendants charged with false arrest
under § 1983 did anything more than request that Officer Gonzalez
arrest Plaintiff so they may be deemed to be state actors.  She
also does not allege that any Memorial Hermann Defendants acted in
concert with Officer Gonzalez according to a "customary plan" or
"pre-conceived policy" to arrest clients purportedly causing a
disturbance in the hospital based solely on the complaint of a
Memorial Hermann employee.

Nor do her pleadings allege the elements and provide
supporting facts for a conspiracy cause of action for a conspiracy
to falsely arrest under § 1983 or state law.

-63-

***Negligent Training and Supervision Under State Law***

Contrary to Memorial Hermann's insistence that it owed no duty to Plaintiff, the Court has cited cases recognizing a duty under Texas state law of a private employer to "adequately hire, train, and supervise employees." *Poynor*, 383 S.W. 3d at 207, *citing Patino v. Complete Tire, Inc.*, 158 S.W. 3d 655, 660 (Tex. App.-- Dallas 2005, pet. denied). *See also Watkins v. Basurto*, 2011 WL 1414135, at *4("An employer has a general duty to control its employees, and to adequately hire, train, and supervise employees to prevent injuries to third parties that are reasonably foreseeable.") Nevertheless Plaintiff has failed to plead facts showing what particular tort the employees purportedly committed against Plaintiff, how Memorial Hermann was negligent in training and supervising the employees regarding that conduct, how Plaintiff's allegedly false arrest was foreseeable, and how the arrest was caused by Memorial Hermann's purported negligent training and supervision.

Accordingly for the reasons stated above, the Court

ORDERS that the following claims are DISMISSED with prejudice as a matter of law: (1) Plaintiff's malicious prosecution tort claim under state law, time-barred by the one-year statute of limitations under Texas Civil Practice & Remedies Code § 16.002(a); (2) Plaintiff's freestanding malicious prosecution claim under § 1983; (3) any state-law claim of conspiracy to maliciously

prosecute because of failure of the predicate tort; and, finally, (4) any claim of respondeat superior under § 1983 against Memorial Hermann because there must be personal involvement of a defendant under the statute.

The Court further

ORDERS that the following claims are DISMISSED without prejudice for failure to state plausible claims with sufficient factual support for each of their elements: false arrest under § 1983 and state law; conspiracy to falsely arrest under state law and under § 1983; negligent failure to train and/or supervise under state law; and respondeat superior liability under state law against Memorial Hermann for Officer Gonzalez's actions, if he was acting in his capacity not as a policeman but as a security guard/employee. Plaintiff is granted leave to replead these claims, if she is able, by filing an amended complaint within twenty days of entry of this order. Failure to comply will result in dismissal of this action.

**SIGNED** at Houston, Texas, this  14th  day of   June  , 2013.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-65-